McGREGOR SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:15-CR-190 MCE |
| Plaintiff, | UNITED STATES'S MOTION FOR EXCLUSION OF TIME; ORDER |
| v. | |
| CHRISTOPHER CASTLE, | |
| Defendant. | |

At the conclusion of the status conference on December 10, 2020, defendant Christopher Castle, through counsel substituted at his request that same day, declined to join in a request to exclude time between now and the scheduled trial date, April 19, 2021.  In addition to the reasons stated on the record by the Court in finding a time exclusion to be appropriate, the United States files this supplement to its motion for an exclusion of time pursuant to the Court's General Orders, Ninth Circuit Approval of the Judicial Emergency Declared in the Eastern District of California, and the specific facts of this case.

The bases for the requested exclusion of time are as follows:

- On March 17, 2020, the Court entered General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.  On March 18, 2020, General Order 612 also issued.  Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public.  The Order only allowed persons with official court business or a healthy building tenant with

1

official business on behalf of a tenant agency into the courthouse.  The Order further provided, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined "persons having official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.

- On April 16, 2020, the Ninth Circuit adopted *In re Approval of the Judicial Emergency in the Eastern District of California*, 956 F.3d 1175 (2020), which concluded that the "emergency situation in the Eastern District of California has required the District and the Judicial Council of the Ninth Circuit to invoke the provisions of 18 U.S.C. § 3174(c) to extend the STA time periods for bringing defendants to trial."  Pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.

- On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

- California has entered a new and alarming wave of surging infections in recent weeks: as of December 12, 2020, COVID-19 has infected 1.4 million California residents, resulting in the deaths of 20,622 Californians. https://covid19.ca.gov (visited December 12, 2020). On December 6, 2020, a Regional Stay at Home Order went into effect, ordering new

closures and requiring residents to stay at home in regions with less than 15% ICU availability. *Id.* In Sacramento County, that triggering percentage was reached on December 10, 2020. https://www.saccounty.net/news/latest-news/Pages/Greater-Sac-In-Regional-Stay-Home-Order-On-Dec-10.aspx.

- The trial involves witnesses with high-risk factors, such as age, medical conditions, etc. Several of the government's essential witnesses are over the age of 60, placing them at significant risk of serious complications if they were to contract the coronavirus causing COVID-19. Other of the government's witnesses have medical conditions placing them at severe risk of serious complications if they are infected.

- More than one of the government's witnesses will have to travel from out of state, travel that will increase exposure to the virus both during travel, and potentially endanger the individuals those witnesses would come into contact with once they arrive.

- Jury trials in this District frequently require jurors to travel long distances and stay overnight in Sacramento. Travel over long distances, hotel stays, and indoor restaurant dining have been cited by state and federal authorities as activities presenting heightened risks to public health. *See, e.g.,* https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx; https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html; https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-158.aspx?fbclid=IwAR0wUAe9_TeE4Obn5-dPSXFboXpqUnzXtGXVcG7I9lt-RepX6p4jcI_lTnY. Indeed, California authorities have required that the public limit travel to urgent matters, or as required for essential work duties, and to otherwise avoid traveling long distances as much as possible.

- Even if current conditions in the Eastern District made it advisable to hold a trial within the next 70 days in this matter, there is a risk that testing or infection rates will continue to deteriorate, requiring this Court to further continue trial in this matter, but after the parties and the Court have made travel and housing arrangements for themselves, for the witnesses, and for potential jurors. In the worst case, conditions might deteriorate (and a

3

continuance ordered) mid-trial, which would result in particular and substantial prejudice to the defendant.  Moreover, even if public health conditions in the Eastern District do not deteriorate, there remains a risk that a juror, attorney, witness, or other person in attendance might become infected with COVID-19 during the trial, possibly requiring the immediate quarantine of some or all of the other persons in attendance.

- Finally, the trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Orders 614 and 620 (CARES Act).

- Based on the above-stated considerations, the ends of justice served by continuing this case until the scheduled trial date of April 19, 2021 outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

For the foregoing reasons, United States requests that this Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated:  December 12, 2020

McGREGOR W. SCOTT
United States Attorney

By:  /s/ *Audrey B. Hemesath*
     Audrey B. Hemesath
     Assistant United States Attorney

4

**FINDINGS AND ORDER**

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act.  The Court hereby finds that the Motion, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).  The Court adopts the factual findings in the United States' motion.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the continued outbreak of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus.  Time is excluded under the Speedy Trial Act between the date of this order and April 19, 2021.

IT IS SO ORDERED.

Dated:  December 15, 2020

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE