PHILLIP A. TALBERT
Acting United States Attorney
AUDREY B. HEMESATH
TANYA B. SYED
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-190-MCE |
| Plaintiff, | MOTION TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| CHRISTOPHER CASTLE, | |
| Defendants. | |

## I. BACKGROUND

This case was originally set for jury trial on April 19, 2021. ECF 585. Due to ongoing issues related to the COVID-19 pandemic resulting in a continued inability to hold jury trials in the Eastern District of California, the jury trial was vacated on April 8, 2021. ECF 673. At the status conference on April 29, 2021, the defendant refused to appear for a status conference regarding trial dates. The government asked for trial to be set on July 19, 2021, with a trial confirmation hearing on June 24, 2021. Defense counsel is available on that date. For the reasons stated below, the United States now moves the Court to exclude time between April 29, 2021 and July 19, 2021, finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

## II. ARGUMENT

In response to the COVID-19 pandemic, the Court issued General Order Nos. 610, 611, 612, 613, 614, 615, 616, 617, 618, 620, 621, 624, 628, and 630 making findings and implementing temporary

ORDER TO EXCLUDE TIME PERIODS
UNDER SPEEDY TRIAL ACT

1

emergency procedures, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions. Specifically, on May 13, 2020, the Court issued General Order 618, suspending all jury trials until further notice. General Order 618 also further authorized assigned District Judges to exclude time under the Speedy Trial Act with reference to the Court's prior General Order 611 issued on March 17, 2020, the Court's subsequent declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing the Court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021.

Trials have not yet recommenced in the Eastern District of California. When trials do recommence, the Court has noted that precautionary measures will need to be taken in light of the ongoing COVID-19 pandemic with trials, including conducting one trial at a time on each floor of the courthouse to permit the involved parties, including the jury, to effectively social distance and minimize the spread of COVID-19. The requested trial date of July 19, 2021 is the earliest trial date available that could potentially comply with these COVID-19 precautions.

This trial involves witnesses with high-risk factors, such as age and pre-existing medical conditions. Several of the government's essential witnesses are over the age of 60, placing them at significant risk of serious complications if they were to contract COVID-19. Other government witnesses have medical conditions placing them at severe risk of serious complications if they are infected. One of the government's witnesses will have to travel from out of state, travel that will increase exposure to the virus both during travel, and potentially endanger the individuals those witnesses would come into contact with once they arrive. Jury trials in this District frequently require jurors to travel long distances and stay overnight in Sacramento. Travel over long distances and hotel stays present heightened risks to public health. While a vaccine does exist for the COVID-19, as of April 29, 2021, only 30% of the total United States population has been fully vaccinated. *See* *https://covid.cdc.gov/covid-data-tracker/#vaccinations*. In California, each county is assigned to a tier based on its positivity rate, adjusted case rate, and health equity metric. Within the Eastern District of California, as of April 29, 2021, while no counties remain at a widespread risk, eleven counties remain at a substantial risk, nineteen counties remain at a moderate risk, and only three counties are at a

minimal risk.  *See, e.g. https://covid19.ca.gov/safer-economy/#county-status*.  The trial would take place at the Sacramento courthouse, in Sacramento County, which remains at a substantial risk.  *See, e.g. https://covid19.ca.gov/safer-economy/#county-status*.  The trial in this case cannot be conducted by videoconferencing or telephone conferencing.

### III.     CONCLUSION

For the foregoing reasons, the United States moves the Court to exclude time between April 29, 2021, and July 19, 2021, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated:  May 4, 2021                         Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney


/s/ Audrey B. Hemesath
Audrey B. Hemesath
Tanya B. Syed
Assistant United States Attorney

| | |
|---|---|
| 1 | **ORDER** |
| 2 | For the reasons stated above, on the record by the Court and the government in the status |
| 3 | conference on April 29, 2021 and in prior status conferences, and for the reasons stated in the |
| 4 | government's prior motion to exclude time (ECF 633) and prior proposed order to exclude time (ECF |
| 5 | 671), the Court hereby finds that the continued outbreak of COVID-19 and the facts specific to this case |
| 6 | (and related General Orders of this Court and guidance from the Centers for Disease Control and |
| 7 | Prevention and state and local health officials) collectively demonstrate facts that provide good cause for |
| 8 | a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). |
| 9 | The Court further finds that: (i) the ends of justice served by the continuance outweigh the best |
| 10 | interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would |
| 11 | result in a miscarriage of justice, given the coronavirus pandemic in the Eastern District of California |
| 12 | and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is |
| 13 | excluded under the Speedy Trial Act between April 29, 2021 and July 19, 2021. |

Dated: May 4, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE