# UNITED STATES DISTRICT COURT
## Eastern District of California

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: **2:15CR00190-2** |
| JAMES CHRISTOPHER CASTLE | Defendant's Attorney: Pro Se |

Date of Original Judgment:   May 10, 2022
 (Or Date of Last Amended Judgment)

**THE DEFENDANT:**

[ ] pleaded guilty to count(s) ___.
[ ] pleaded nolo contendere to count(s) ___ , which was accepted by the court.
[✓] was found guilty on Count   1-24, 26, 29-31, 33-39   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy (Class D Felony) | 11/18/2011 | 1 |
| 18 U.S.C. § 493 | Bonds and Obligations of Certain Lending Agencies (Class C Felony) | 3/4/2011 | 2-16 |
| 18 U.S.C. § 1344(1) | Bank Fraud (Class B Felony) | 5/20/2011 | 17-24, 26, 29-31, and 33-39 |

    The defendant is sentenced as provided in pages 2 through ___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___ .
[ ]  Count(s) ___ dismissed on the motion of the United States.
[ ]  Indictment is to be dismissed by District Court on motion of the United States.
[✓]  Appeal rights given.          [ ]  Appeal rights waived.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/20/2022
Date of Imposition of Judgment

/s/ John A. Mendez
Signature of Judicial Officer

**John A. Mendez**, United States District Judge
Name & Title of Judicial Officer

8/8/2022
Date

AO 245B-CAED (Rev. 09/2019) Sheet 2 - Imprisonment

DEFENDANT: **JAMES CHRISTOPHER CASTLE**  
CASE NUMBER: **2:15CR00190-2**

Page 2 of 9

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
<u>60 months on Count 1 and 120 months on each of Counts 2-16, 17-24, 26, 29-31 and 33-39, to be served concurrently with each other and consecutively to the term of imprisonment imposed on Count 1, for a total term of imprisonment of 180 months</u>.

- [ ] No TSR: Defendant shall cooperate in the collection of DNA.

- [✓] The court makes the following recommendations to the Bureau of Prisons:
  The court recommends that the defendant be incarcerated in a California facility, but only insofar as this accords with security classification and space availability.

- [✓] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district
  - [ ] at ___ on ___.
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before ___ on ___.
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Officer.
  
  If no such institution has been designated, to the United States Marshal for this district.

- [ ] Other, Please Specify:

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

_____
By Deputy United States Marshal

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **JAMES CHRISTOPHER CASTLE**     Page 3 of 9
CASE NUMBER: **2:15CR00190-2**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
36 months on each of Counts 1-24, 26, 29-31, and 33-39, all to be served concurrently, for a total term of supervision of 36 months.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[✓]    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[ ]    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

[✓]    You must cooperate in the collection of DNA as directed by the probation officer.

[ ]    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ]    You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____                              Date _____

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **JAMES CHRISTOPHER CASTLE**  Page 5 of 9
CASE NUMBER: **2:15CR00190-2**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the court or the probation officer.

3. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.

4. The defendant shall provide the probation officer with access to any requested financial information.

5. The defendant shall not open additional lines of credit without the approval of the probation officer.

6. The defendant shall make payments toward any unpaid criminal monetary penalties in this case during supervised release at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheets 7-8.

**TOTALS**

| Processing Fee | Assessment | AVAA Assessment* | JVTA Assessment** | Fine | Restitution |
|---|---|---|---|---|---|
| $3,500.00 | $0.00 | $0.00 | | WAIVED | $9,885,510.91 |

[ ]    The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[✓]    The court orders the defendant to pay restitution to the victim(s) as outlined in the Restitution Attachment on Sheet 5B.

In addition, the court gives notice that this case involves other defendants, or may involve other defendants, who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future. Such future orders do not increase the amount of restitution ordered against the defendant.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

[ ]    Restitution amount ordered pursuant to plea agreement $ ___

[ ]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✓]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     [✓]   The interest requirement is waived for the    [ ] fine    [✓] restitution

     [ ]   The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

[✓]    If incarcerated, payment of any unpaid criminal monetary penalties in this case is due during imprisonment at the rate of 10% of the defendant's gross income per month or $25 per quarter, whichever is greater. Payment shall be made through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ]    Other:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 2:15-cr-00190-JAM-DB   Document 832   Filed 08/08/22   Page 7 of 10

AO 245B-CAED (Rev. 09/2019) Sheet 5B - Criminal Monetary Penalties
DEFENDANT: **JAMES CHRISTOPHER CASTLE**  Page 7 of 9
CASE NUMBER: **2:15CR00190-2**

## RESTITUTION PAYMENTS

Restitution of $1,015,000.00, jointly and severally with co-defendant Larry Todt (2:15-cr-00190-6) and Tisha Louise Trites (2:15-cr-00169-1), to:

FIRST AMERICAN TITLE
SANTA ANA, CA 92707
$1,015,000.00

Restitution of $1,145,004.45, jointly and severally with co-defendant Laura Marie Pezzi (2:15-cr-00190-4), Remus Alan Kirkpatrick (2:15-cr-00190-3) and Tisha Louise Trites (2:15-cr-00169-1), to:

| | |
|---|---|
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$190,000.00 | FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$108,500.00 |
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$127,500.00 | FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$195,000.00 |
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$95,875.00 | OLD REPUBLIC TITLE COMPANY<br>SAN FRANCISCO, CA 94111<br>$179,500.00 |
| STEWART TITLE GUARANTY COMPANY<br>BAINBRIDGE ISLAND, WA 98110<br>$164,327.00 | TITLE RESOURCE GUARANTY COMPANY<br>DALLAS, TX 75251<br>$84,302.45 |

Restitution of $1,759,100.00, jointly and severally with co-defendant George B. Larsen (2:15-cr-00190-5), Laura Marie Pezzi (2:15-cr-00190-4) and Tisha Louise Trites (2:15-cr-00169-1), to:

| | |
|---|---|
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$240,000.00 | FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$392,000.00 |
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$390,000.00 | FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$589,500.00 |
| STEWART TITLE GUARANTY COMPANY<br>BAINBRIDGE ISLAND, WA 98110<br>$147,600.00 | |

Restitution of $2,304,500.00, jointly and severally with co-defendant Larry Todt (2:15-cr-00190-6), Tisha Louise Trites (2:15-cr-00169-1) and Todd Jackson Smith (2:15-cr-00170-1), to:

| | |
|---|---|
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$819,500.00 | FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$350,000.00 |
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$1,135,000.00 | |

Restitution of $418,400.00, jointly and severally with co-defendant Michael Romano (2:15-cr-00190-7), Remus Alan Kirkpatrick (2:15-cr-00190-3) and Tisha Louise Trites (2:15-cr-00169-1), to:

| | |
|---|---|
| CAPITAL TITLE<br>RENO, NV 89521<br>$226,900.00 | FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$191,500.00 |

Restitution of $450,000.00, jointly and severally with co-defendant Tisha Louise Trites (2:15-cr-00169-1) and Todd Jackson Smith (2:15-cr-00170-1), to:

FIDELITY NATIONAL TITLE GROUP
JACKSONVILLE, FL 32204
$450,000.00

Restitution of $581,877.80, jointly and severally with co-defendant Remus Alan Kirkpatrick (2:15-cr-00190-3) and Tisha Louise Trites (2:15-cr-00169-1), to:

FIDELITY NATIONAL TITLE GROUP
JACKSONVILLE, FL 32204
$222,500.00

OLD REPUBLIC TITLE COMPANY
SAN FRANCISCO, CA 94111
$12,000.00

OLD REPUBLIC TITLE COMPANY
SAN FRANCISCO, CA 94111
$18,000.00

OLD REPUBLIC TITLE COMPANY
SAN FRANCISCO, CA 94111
$149,900.00

WESTERN TITLE COMPANY INC
RENO, NV 89511
$100,000.00

WESTERN TITLE COMPANY INC
RENO, NV 89511
$79,477.80

Restitution of $627,628.66, jointly and severally with co-defendant Laura Marie Pezzi (2:15-cr-00190-4), Michael Romano (2:15-cr-00190-7), Remus Alan Kirkpatrick (2:15-cr-00190-3) and Tisha Louise Trites (2:15-cr-00169-1), to:

ENTITLE DIRECT INSURANCE
INDEPENDENCE, OH 44131
$250,000.00

FIDELITY NATIONAL TITLE GROUP
JACKSONVILLE, FL 32204
$89,000.00

DEFENDANT: **JAMES CHRISTOPHER CASTLE**  
CASE NUMBER: **2:15CR00190-2**

Page 8 of 9

| | |
|---|---|
| INLAND TITLE<br>SPOKANE, WA 99204<br>$5,328.66 | OLD REPUBLIC TITLE COMPANY<br>SAN FRANCISCO, CA 94111<br>$168,300.00 |

WESTCOR LAND TITLE INSURANCE COMPANY  
MAITLAND, FL 32751  
$115,000.00

Restitution of $634,000.00, jointly and severally with co-defendant Laura Marie Pezzi (2:15-cr-00190-4) and Tisha Louise Trites (2:15-cr-00169-1), to:

| | |
|---|---|
| FIDELITY NATIONAL TITLE GROUP<br>JACKSONVILLE, FL 32204<br>$206,000.00 | STEWART TITLE GUARANTY COMPANY<br>BAINBRIDGE ISLAND, WA 98110<br>$350,000.00 |

STEWART TITLE GUARANTY COMPANY  
BAINBRIDGE ISLAND, WA 98110  
$78,000.00

Restitution of $950,000.00, jointly and severally with co-defendant Tisha Louise Trites (2:15-cr-00169-1), to:

FIDELITY NATIONAL TITLE GROUP  
JACKSONVILLE, FL 32204  
$950,000.00

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. [ ] Lump sum payment of $ ___ due immediately, balance due

    [ ] Not later than ___, or

    [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

B. [✓] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [✓] F below); or

C. [ ] Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after the date of this judgment; or

D. [ ] Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. [ ] Payment during the term of supervised release/probation will commence within ___ *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. [✓] Special instructions regarding the payment of criminal monetary penalties:

If incarcerated, payment of any unpaid criminal monetary penalties in this case is due during imprisonment at the rate of 10% of the defendant's gross income per month or $25 per quarter, whichever is greater. Payment shall be made through the Bureau of Prisons Inmate Financial Responsibility Program.

The defendant shall make payments toward any unpaid criminal monetary penalties in this case during supervision at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: The Preliminary Order of Forfeiture is hereby made final as to this defendant and shall be incorporated into the Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.