UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-0190-2 JAM DB |
|---|---|
| Plaintiff/Respondent, | |
| v. | ORDER |
| JAMES CHRISTOPHER CASTLE, | |
| Defendant/Movant. | |

Movant, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his May 2022 convictions for financial crimes. On May 24, 2022, movant filed both an appeal and the present motion. In his motion, movant claims ineffective assistance of counsel.

The Ninth Circuit has repeatedly noted that "'a district court should not entertain a habeas corpus petition while there is an appeal pending.'" United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991) (quoting Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987)); see also United States v. Hoang Ai Le, No. 2:16-cv-1090 WBS AC, 2016 WL 9447193, at *1 (E.D. Cal. July 26, 2016), rep. and reco. adopted, 2016 WL 9447194 (E.D. Cal. Sept. 12, 2016); Herrera-Ortega v. United States, No. 1:14-cr-00014-LJO-SK, 2014 WL 4744798, at *1 (E.D. Cal. Sept. 23, 2014). This rule serves the interest of judicial economy. See Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959). While a district court possesses the authority to entertain a section 2255 motion while a

1

defendant's appeal is pending, the Ninth Circuit has made clear that this authority should be exercised only in the "most unusual circumstances."  Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); see also United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981) ("The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy.").  In Taylor, the Ninth Circuit determined that extraordinary circumstances were present because the habeas claim raised a factual issue which cast doubt on "a pivotal aspect of the direct appeal." 648 F.2d at 572.

The record here suggests no extraordinary or unusual circumstances.  That said, this court will give movant an opportunity to attempt to meet that standard by showing that his motion raises issues that are sufficiently unusual to justify consideration of his motion during the pendency of his appeal.  If movant feels that his motion does not meet that standard, then movant shall withdraw his section 2255 motion.  Of course, movant may re-file his section 2255 motion after the direct review of his conviction and sentence have concluded.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the filed date of this order, movant shall file either:

    a. a brief explaining why his section 2255 motion raises extraordinary issues that justify their consideration while his appeal is pending, or

    b. a statement that he is voluntarily withdrawing his section 2255 motion.

2. If movant files a brief, respondent shall file a response within fifteen days of service of movant's brief.

Dated:  August 15, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Habeas/S/cast0190.2255 app pending

2