UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAMES CHRISTOPHER CASTLE,<br><br>Movant. | No. 2:15-cr-0190 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On May 24, 2022, movant, a federal prisoner, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 798.) On October 14, 2022, James Clinton, a nonparty, filed a document entitled "Petition for Writ of Habeas Corpus ad Subjicendum." (ECF No. 845.) Mr. Clinton, who also identifies himself as "James Clinton, Castro," states that he is the "Petitioner for James Christopher, Castle – Prisoner." Mr. Clinton argues that movant's conviction and sentence are unconstitutional for various reasons.

A third party may file a petition for writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend." In order to have standing, a next friend must establish that movant is incompetent. See Mason by & through Marson v. Vasquez, 5 F.3d 1220, 1223 (9th Cir. 1993) (citing Whitmore v. Arkansas, 495 U.S. 149, 164, (1990) and Brewer v. Lewis, 989 F.2d 1021, 1026 (9th Cir.1993)). In Whitmore, the Supreme Court explained:

////

1

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.[]  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, [] and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.[]  The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Whitmore, 495 U.S. at 163-64 (internal citations omitted).  In the present case, there are no indications movant is unable, by reason of incompetency or otherwise, to pursue this action and Mr. Clinton does not allege movant is unable to do so.  Movant filed a § 2255 motion in May that this court recently found sufficient to require a response from respondent.  (See ECF Nos. 798, 847.)  This court finds no basis for any further inquiry into the issue of Mr. Clinton's standing.

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to serve a copy of these findings and recommendations on movant, on respondent, and on Mr. Clinton at the address he identifies in his filing (ECF No. 845).

Further, IT IS RECOMMENDED that Mr. Clinton's filing (ECF No. 845) be stricken from the record in this matter.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties

////

////

////

////

////

2

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 8, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Habeas/S/cast0190.next friend fr