UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00190-KJM-DB-2 |
| Plaintiff, | ORDER |
| v. | |
| James Christopher Castle, | |
| Defendant. | |

On August 2, 2021, a jury convicted defendant James Christopher Castle of all counts in the indictment. Verdict, ECF No. 738. The then-presiding judge sentenced defendant to 180 months of imprisonment. Mins. Sent'g, ECF No. 792; J. & Commitment, ECF No. 795. Proceeding pro se, defendant has filed seven motions, all of which are currently pending before this court. The court addresses each motion.

First, defendant filed a motion for habeas relief under 28 U.S.C. § 2255. Mot. 2255, ECF No. 798. That motion has been referred to the assigned magistrate judge for all further proceedings and remains pending. *See* Min. Order, ECF No. 799. The motion shall remain before the assigned magistrate judge.

Second, defendant filed documents titled "notice" and "release," Notice & Release, ECF No. 865, in which the "Releasor," James,[1] signed a purported release document, certifying "Castle is now RELEASED and DISCHARGED: and the indebtedness or other obligation secured thereby is satisfied." *Id.* at 2 (emphasis in original). Defendant then filed a "Motion to Compel/Notice of Fault," in which he claims "Respondents . . . have not fulfilled their obligation to act upon James's order to release Castle." Mot. Compel at 1, ECF No. 870. He argues "[i]t is incumbent upon the named fiduciary court officers (Respondents) to fulfill these duties" and states "[f]ailure of the court and Respondents to execute these orders will result in a consentually [sic] agreed to commercial lien[.]" *Id.* at 2. In other words, defendant is asking the government and court to comply with a purported release order he himself signed. The court exercises its inherent authority to **strike** both the purported "Release" and associated motion to compel as meritless, frivolous and improper. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("[D]istrict courts have inherent power to control their docket . . . includ[ing] the power to strike items from the docket as a sanction for litigation conduct." (citations omitted)); *cf. Carrigan v. Cal. State Legis.*, 263 F.2d 560, 564 (9th Cir. 1959) (discussing appellate court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy"). The court cautions defendant that further improper filings may result in sanctions, including monetary sanctions. *See* Fed. R. Civ. P. 11(c); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (Rule 11 applies to pro se parties).

Third, defendant filed a "Motion for: 1. Order to Have Clerk Provide Document(s) or Alternatively Provide Name and Location of Custodian; 2. Production of Court IRS Form W-9; 3. Court Execution of Bond; 4. Immediate Unconditional Discharge of Surety." Mot. Production of Docs., ECF No. 873. Defendant "requires" a copy of the "indemnification/liability bond" associated with his charges and "a full accounting of the matter." *Id.* at 1. Defendant argues the bond's creation has "made its way to Wall Street and is now illegally trading as JAMES CASTLE[.]" *Id.* at 2 (emphasis in original). "[U]pon production of the named bond," defendant

---

[1] Defendant includes a footnote that states "James is not a legal name. Castle is the Legal name." *Id.* at 2 n.1.

2

requests an "immediate execution" for his benefit and provision of "an executed copy." *Id.* It is difficult if not impossible to decipher defendant's arguments, and he does not support the relief he seeks with any authority. Accordingly, this motion is **denied without prejudice**. *Cf. Carter v. Jai-Put Enter. Inc.*, No. 18-06313, 2020 WL 3545094, at *14 (N.D. Cal. June 30, 2020) ("The parties failed to present relevant arguments and authority and the court has no obligation to decipher what those arguments and authorities might be.").

Fourth, defendant has filed a motion for compassionate release under 18 U.S.C. § 3582. First Mot. Compassionate Release, ECF No. 877. The motion has not been fully briefed in that the government has until January 16, 2024, to file its response. Prior Order (Nov. 21, 2023), ECF No. 879. In the interim, defendant filed a second motion for compassionate release. Second Mot. Compassionate Release, ECF No. 883. Although some of the arguments he raises are the same as in the first motion, he appears to add additional arguments in the second motion. Most recently, on December 19, 2023, defendant has filed an amended motion for compassionate release. Am. Mot., ECF No. 884. Because the amended motion supersedes the original, the motions filed on ECF Nos. 877 and 883 **are denied as moot**.

Fifth, defendant has filed a "Motion to Apply First Step Act Credits." Mot. Credits, ECF No. 881. Defendant argues the Bureau of Prisons (BOP) has miscalculated his First Step Act credits and moves the court for an order directing the BOP to correct the record. *Id.* at 1–2. He cites to "*Sierra v. Jacquez*, USDC WDWA 2:22-cv-01509-RSL-BAT" as controlling authority. *Id.* at 1. In *Sierra*, the court granted the petitioner's 28 U.S.C. § 2241 petition and ordered his release after reviewing respondents' notice conceding both that the petitioner should have been credited First Step Act time credits and that the court should grant the petitioner's petition and direct BOP to release him. *Sierra v. Jacquez*, No. 22-1509, 2023 WL 184225, at *1 (W.D. Wash. Jan. 13, 2023). Here, defendant does not appear to bring his motion in connection with either his habeas petition or his motion for compassionate release. There is no § 2241 motion pending. Defendant also does not support his arguments with any evidence. This motion is **denied without prejudice.**

The court cautions defendant Castle that it will not entertain any further frivolous filings or unauthorized filings.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding courts have inherent authority to control their dockets).  Any such filings will be automatically disregarded.

For the reasons above, the court hereby orders:

1. The Clerk of Court is directed to **strike** the documents at ECF Nos. 865 and 870.
2. The motions filed at ECF Nos. 873 and 881 are **denied without prejudice**.
3. The motions filed at ECF Nos. 877 and 883 are **denied as moot** because they have been superseded by an amended motion filed on ECF No. 884.
4. The government shall file its response to defendant's amended motion for compassionate release by January 16, 2024.  *See* Prior Order (Nov. 21, 2023).  Defendant Castle may file **one (1)** reply brief in response to the government's response.  The reply brief, if any, must be filed by February 16, 2024, and not exceed ten pages.  The matter shall be submitted thereafter.  All further filings outside of this briefing schedule will be disregarded unless defendant receives leave of court to submit additional filings.

This order resolves ECF Nos. 870, 873, 877, 881 and 883.

IT IS SO ORDERED.

DATED: January 5, 2024.

CHIEF UNITED STATES DISTRICT JUDGE