UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:15-cr-00190-KJM-DB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| James Christopher Castle, | |
| Defendant. | |

Proceeding pro se, defendant James Christopher Castle moves the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of the Sentencing Commission's Amendment 821 to the Sentencing Guidelines. The motion is **denied.**

I.   BACKGROUND

On August 2, 2021, a jury convicted defendant James Christopher Castle of all counts in the indictment, which charged him with conspiracy to falsely make lending association writings and to commit bank fraud, falsely making bonds and obligation of certain lending agencies, and bank fraud. Verdict, ECF No. 738. In the presentence investigative report, the probation officer calculated a total offense level of 41 after including a 4-level enhancement for his role in the offense as the "organizer or leader of the conspiracy that without him would never have taken place." PSR ¶¶ 41–46, ECF No. 757 (citing U.S.S.G. § 3B1.1(a)). The then-presiding judge adopted the probation officer's guideline calculations and noted: "The starting point in sentencing

1

in this case, offense level is 41, criminal history category is I, the guideline range is 324 to 405 months." Sent'g Tr. 19:18–22, ECF No. 806.  The court then granted defendant a downward variance and sentenced him to 180 months of imprisonment based on the § 3553(a) sentencing factors and to avoid unwarranted sentence disparities.  *Id.* 19:23–20:24; Mins. Sent'g, ECF No. 792; J. & Commitment, ECF No. 795.

Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2).  Mot., ECF No. 883. The government opposes, Opp'n, ECF No. 894, and defendant has replied, Reply, ECF No. 899.

**II.  DISCUSSION**

In general, a "court may not modify a term of imprisonment once it has been imposed except" in limited circumstances.  18 U.S.C. § 3582(c).  One exception is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *Id.* § 3582(c)(2).  In such cases, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  Thus, the court must engage in a two-step process to determine whether a final sentence should be modified.  *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  First, the court determines whether the defendant is eligible for a sentence modification and the extent to which the reduction is authorized.  *Id.* at 827.  Second, the court must consider any applicable § 3553(a) sentencing factors and determine whether to exercise its discretion to reduce a sentence.  *Id.*

Amendment 821, which applies retroactively, provides for a two-level reduction in the offense level of certain zero-point offenders, meaning defendants who received zero criminal history points.  *See United States v. Hoffman*, No. 08-00027, 2024 WL 870335, at *2 (D. Nev. Feb. 28, 2024); U.S.S.G. § 4C1.1.  A defendant is entitled to a reduction under this provision if the defendant meets all criteria listed in that section, including "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" U.S.S.G. § 4C1.1(a)(10).

1    Although defendant argues he meets all the criteria, Mot. at 2, defendant received an
2    adjustment under section 3B1.1 for his role in the offense. *See* PSR ¶ 41; Opp'n at 4. Defendant
3    concedes this on reply. *See* Reply at 2 ("Petitioner did indeed receive an adjustment under 3B
4    1.1(a) as an organizer/leader."). Because he does not satisfy all the criteria listed in section
5    4C1.1, he is ineligible for a sentence reduction. *See, e.g.*, *United States v. Gonzalez-Cardenas*,
6    No. 11-01926, 2024 WL 666343, at *2 (S.D. Cal. Feb. 16, 2024) (denying relief on similar
7    grounds).

8    Defendant, however, argues he is still eligible for a reduction in sentence despite having
9    received an adjustment for an aggravating role because he was not engaged in a continuing
10   criminal enterprise. Reply at 2. Defendant argues he would be ineligible only if he both received
11   an adjustment under section 3B1.1 and was engaged in a continuing criminal enterprise. *Id.*

12   Defendant's argument is not persuasive. A defendant is entitled to an adjustment under
13   section 4C1.1 if "all" of the criteria in the section are met. U.S.S.G. § 4C1.1(a). Under the plain
14   language of the guidelines, defendant must meet criterion number ten, which, as noted, provides
15   "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not
16   engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*
17   § 4C1.1(a)(10). Because defendant received an adjustment for his aggravating role under
18   section 3B1.1, he does not satisfy this criterion even if he was not engaged in a continuing
19   criminal enterprise. *See, e.g.*, *United States v. Arroyo-Mata*, No. 09-13, 2024 WL 1367796, at
20   *2–4 & n.6 (N.D. Ga. Apr. 1, 2024) (collecting decisions from federal district courts around the
21   country and providing textual analysis of section 4C1.1(a)(1)).

22   The court does not and need not address whether the defendant's original sentence is
23   below the minimum of any amended guideline range because he is not entitled to an adjustment
24   of sentence in the first instance. *Compare* Opp'n at 5 *with* Reply at 2–9.

### III. CONCLUSION

Defendant is not eligible for a sentence modification under Amendment 821. Therefore, defendant's motion under 18 U.S.C. § 3582(c)(2) is **denied**.

This order resolves ECF No. 883.

3

1        IT IS SO ORDERED.
2    DATED:  June 25, 2024.
3

_____
CHIEF UNITED STATES DISTRICT JUDGE