UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00190-KJM-DB-2 |
| Plaintiff, | ORDER |
| v. | |
| James Christopher Castle, | |
| Defendant. | |

Proceeding pro se, defendant seeks compassionate release under 18 U.S.C. § 3582. The motion is **denied.** The court cannot find "extraordinary and compelling reasons warrant such a reduction" under § 3582(c)(1)(A)(i).

I.    **BACKGROUND**

On August 2, 2021, a jury convicted defendant James Christopher Castle of all counts in the indictment, which charged him with various financial and bank fraud crimes. Verdict, ECF No. 738. The then-presiding judge sentenced him to 180 months' imprisonment. Mins. Sent'g, ECF No. 792; J. & Commitment, ECF No. 795.[1]

Defendant now moves for a reduction in sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). Mot., ECF No. 884. The government opposes, Opp'n, ECF No. 886, and

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

defendant has replied, Reply, ECF No. 891.  Defendant argues there are three extraordinary and compelling reasons for a reduction in his sentence: 1) need to care for his elderly mother; 2) need to care for his daughter; and 3) sexual abuse by a prison guard.  *See generally* Mot.

## II.  LEGAL STANDARD

In exceptional circumstances, the court can modify the term of imprisonment under § 3582(c)(1).  A defendant must first exhaust administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  If a defendant has exhausted administrative remedies, the analysis is twofold.  First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction.  *Id.*  Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable.  *Id.*  Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  The Sentencing Commission has issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023).  The relevant policy statement outlines certain family circumstances and sexual abuse also may constitute extraordinary and compelling reasons for a sentence reduction.  *Id.*  It is a defendant's "burden to establish his eligibility for compassionate release."  *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## III.  DISCUSSION

### A.  Exhaustion of Administrative Remedies

The government argues defendant did not completely exhaust his administrative remedies because he did not raise his allegations of sexual abuse and the incapacitation of his daughter's caregiver in his administrative request.  Opp'n at 2.  Defendant bears the burden of showing he has exhausted his administrative remedies.  *See United States v. Ruelas*, No. 17-00317, 2024 WL 3345196, at *2 (D. Ariz. July 8, 2024); *see also United States v. LaFromboise*, 849 F. App'x 199 (9th Cir. 2021) (unpublished).  Defendant does so here by attaching copies of his administrative requests for compassionate release.  *See* Mot. at 17–20.  One request, dated May 31, 2023, refers to his sexual abuse and incapacitation of his daughter's caregiver.  *Id.* at 20.  The government,

however, argues "FCI Terminal Island, where [defendant] was housed at the time, does not have a record of this request being submitted to the Warden."  Opp'n at 2.  The government provides no evidence supporting this argument; accordingly the government has not met its burden of proof regarding lack of exhaustion.  *See, e.g.*, *United States v. Whitenack*, No. 19-01787, 2023 WL 6627821, at *2 (rejecting government's exhaustion argument for lack of evidence); *United States v. Richardson*, No. 17-00048, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020) (noting the BOP's alleged lack of records not controlling); *cf. United States v. Merancio*, No. 19-00220, 2024 WL 946007, at *2 (E.D. Cal. Mar. 5, 2024) (finding no exhaustion after reviewing exhibit government provided, which supported a finding of lack of exhaustion).

The court finds defendant has exhausted his administrative motion and so turns to the merits of the pending motion, beginning with his mother's need for care.

### B. Incapacitation of Parent

"The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may support that defendant's request to reduce a sentence under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(b)(3)(C).  This provision is modeled on a similar provision for cases of incapacitated spouses or partners.  *See id.* § 1B1.13(b)(3)(B).  In those cases, the Bureau of Prison's program statement regarding compassionate release defines "incapacitation" to mean "completely disabled," "cannot carry on any self-care," "totally confined to a bed or chair" or has a severe cognitive deficit severely affecting the individual's mental capacity or function.  BOP Program Statement No. 5050.50.[2]  Although this program statement is not binding, the court refers to it for persuasive guidance.  *See, e.g.*, *United States v. McKinney*, No. 18-09, 2020 WL 6076898, at *4–5 (W.D. Wash. Oct. 15, 2020) (looking to program guide for guidance re definition of incapacitation and collecting cases).

---

[2] Federal Bureau of Prisons, Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.  The court takes judicial notice of this publicly available statement of a government agency's policy.  *See* Fed. R. Evid. 201(b).

3

Here, defendant argues his mother, who is 80 years old, suffered injuries from a fall in December 2021, a fall in July 2019 and from a car crash in March 2019.[3] Mot. at 6; Reply at 2. Defendant also avers his mother has cataracts in both eyes and requires surgery, but has postponed surgery because she does not have post-surgery assistance. *See* Mot. at 6. He states she lives alone, has "no other adult family member[] available to assist her with the normal daily necessities," and has been relying on the good graces of others, such as her neighbors and friends. *Id.* at 6–7. His presence would "alleviate many of the burdens [his mother] is not able to do and eliminate the reliance of friends and neighbors whose grace has already been taxed and overdrawn." *Id.* at 7. In support of his motion, defendant has attached copies of his mother's medical records and emails from his mother, a neighbor and therapists.

These medical records confirm defendant's mother suffered injuries from a fall in 2021 and 2019, and a car crash in 2014. However, there is no evidence his mother's condition fits the description cited above, i.e., there is no evidence showing she is completely disabled, unable to carry out any self-care, totally confined to a bed or chair, or has severe cognitive deficits. Rather, his mother can drive locally, *id.*, at 87, has received treatment for her injuries, *see id.* at 21–86, including surgery, *id.* at 39, and has received other types of care, including physical therapy, massage therapy, chiropractic and acupuncture, *see id.* at 38, 43. As for her cataracts, the medical records show she provided informed consent for surgery, *id.* at 96, and it appears she received an examination from a surgeon, although it is unclear whether surgery was in fact completed, *id.* at 98–101. There is no indication a surgery has been postponed, let alone postponed because of a lack of post-surgery assistance. *See generally id.* Based on the current record, the court cannot find defendant has shown his mother is incapacitated.

Nor has defendant shown he is the only available caretaker. Neighbors and friends have helped his mother over the years. *See, e.g.*, Mot. at 7, 91. The record does not show these neighbors and friends are no longer willing or able to provide support. Additionally, while

---

[3] The motion provides defendant's mother was in a car crash in March 2019, Mot. at 6, while the reply provides the car crash was in 2017, Reply at 2. His mother's medical records, however, show she was in a car crash in 2014. *See* Mot. at 58, 88.

defendant states assisted living is unaffordable for his mother, *id.* at 6; *see* Reply at 2, he has not provided evidence about his mother's finances or her eligibility to receive assistance through state or federal programs, such as Medicare.  These gaps in the evidence prevent the court from concluding that defendant meets the requirements of § 3582(c)(1) based on his mother's need for his assistance.  *See, e.g.*, *United States v. Nishida*, No. 19-00025, 2023 WL 7222875, at *3 (D. Haw. Nov. 2, 2023) (noting defendant "provide[d] insufficient detail . . . about the financial constraints that bar outside caregiving, or about whether Medicare, Medicaid, or other county, state, or federal programs can provide assistance").

### C. Incapacitation of Minor Child's Caregiver

Second, defendant argues his teenage daughter's mother is incapacitated and his daughter needs his care.  "The death or incapacitation of the caregiver of the defendant's minor child" can support a defendant's request for a sentencing reduction under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(b)(3)(A).  The Bureau of Prison's program statement defines "incapacitation" in these circumstances to mean "the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  BOP Program Statement No. 5050.50.

Defendant argues his 16-year-old daughter is experiencing difficulty adjusting to a loss of parental guidance.  Mot. at 7.  He also argues the child's mother suffers from PTSD and is, in his words, "emotionally debilitated."  *Id.*  According to defendant, the mother has not addressed his daughter's issues; upon release, he could provide a stable home for his daughter and her younger sisters.  *Id.* at 7–8.  In support, he provides his own declaration, email exchanges between himself and his daughter and what appears to be a letter from defendant's mother regarding the child's mother.  *See id.* at 102–16.

Defendant has not shown his child's caregiver has been incapacitated.  He does not provide documentation of the mother's condition.  Nor does he argue the mother cannot care for two other minor children.  Rather, he "is unable to comment on the at risk status of his two other minor children."  Reply at 2–3.  Defendant appears to argue simply that he would be a better parent for his 16-year-old daughter.  His beliefs alone do not support his motion.

5

Because defendant does not show the caregiver of his child has died or is incapacitated, he has failed to demonstrate extraordinary and compelling reasons for his release on this ground. *See, e.g.*, *United States v. Velazquez-Inchaurregui*, No. 22-02528, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) (denying relief in similar circumstances).

### D. Sexual Abuse

Finally, defendant requests a reduction in his sentence based on his allegations of sexual abuse by a prison guard. Sexual abuse or physical abuse "while in custody serving the term of imprisonment sought to be reduced" can make for extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(4). However, "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

Defendant alleges he was sexually abused by a prison guard. Mot. at 8. He relies on an incident report he filed with the Office of the Inspector General. *See id.* at 117–20. However, he does not argue or show the misconduct has been established in a criminal, civil, or administrative proceeding or that such proceedings have been unduly delayed, or that the defendant is in imminent danger. Based on this record, defendant has not shown he is entitled to relief based on this ground. *See, e.g.*, *United States v. Ancheta*, No. 12-00015, 2024 WL 1181815, at *4 (D. Nev. Mar. 19, 2024) (denying relief based on a similar lack of evidence).

### IV. CONCLUSION

For the reasons stated above, the court cannot find "extraordinary and compelling reasons" warrant a reduction in defendant's sentence. For that reason, the court does not reach the factors listed in 18 U.S.C. § 3553(a). *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step." (emphasis omitted)).

/////

/////

1. Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1) is **denied.**
2. This order resolves ECF No. 884.
3. IT IS SO ORDERED.
4. DATED: July 15, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE