UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00190-KJM-DB-2 |
| Plaintiff, | ORDER |
| v. | |
| James Christopher Castle, | |
| Defendant. | |

On June 25, 2024, this court denied defendant James Christopher Castle's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of the Sentencing Commission's Amendment 821 to the Sentencing Guidelines. Defendant now moves for reconsideration of that order. Mot., ECF No. 903. The government opposes. Opp'n, ECF No. 906. Defendant has not filed a reply. *See* E.D. Cal. L.R. 430.1(f) ("Any reply shall be served and filed not more than 4 days after the opposition is due."). The motion is **denied.**

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit allows parties to file post-judgment motions for reconsideration in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). It is instead a matter of discretion. *Id.*

1

Under this District's Local Rules, a motion for reconsideration must identify "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." *See* E.D. Cal. L.R. 430.1(i). "But as is true of motions for reconsideration in civil cases, motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." *United States v. Davis*, No. 98-00114, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*, No. 21-10094, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).

Reconsideration is not warranted here. There are no new facts or circumstances that did not exist at the time of the original motion, nor changes in controlling law. Rather, defendant appears to argue the court clearly erred and raises the same argument the court has previously considered and rejected. *See generally* Mot.; *see also* Prior Order, ECF No. 901

As the court noted in its prior order, Amendment 821 provides for a two-level reduction in the offense level of certain zero-point offenders. *See* Prior Order at 2; s*ee also* U.S.S.G. § 4C1.1. A defendant is entitled to a reduction under this provision if the defendant meets all criteria listed in that section, including criterion ten: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" U.S.S.G. § 4C1.1(a)(10). Defendant received an adjustment under section 3B1.1 for his role in the offense. *See* PSR ¶ 41, ECF No. 757. Therefore, the court found defendant was ineligible for a sentence reduction because he did not satisfy the tenth criterion. Prior Order at 2–3.

Defendant moves the court to reconsider its denial of his motion and argues the court's interpretation of the plain text of section 4C1.1 is clearly erroneous. *See generally* Mot. He argues, in order to be disqualified under the tenth criterion, he must have both received an adjustment for an aggravating role and been found to have engaged in a continuing criminal enterprise. *Id.* at 3. Because he was not engaged in a continuing enterprise, he argues he is eligible for a reduction in sentence despite having received an adjustment under section 3B1.1. *See generally id.* The court already considered and rejected this argument in its prior order. *See*

Prior Order at 4; *see also* Reply to Prior Mot. at 2, ECF No. 899 (raising same argument). Defendant does not cite to and the court cannot find any authority supporting defendant's reading of section 4C1.1. Rather, district courts that have considered this question have "unanimously rejected" the argument defendant makes in his motion. *United States v. Martin*, No. 15-00235, 2024 WL 2189635, at *2 (E.D. Cal. May 15, 2024) (collecting authority); *see, e.g.*, *United States v. Kealoha*, No. 17-00582, 2024 WL 1202377, at *2 n.3 (D. Haw. Mar. 19, 2024) (same).

The motion for reconsideration is **denied.**

This order resolves ECF No. 903.

IT IS SO ORDERED.

DATED: August 14, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3