UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00190-KJM-SCR |
| Plaintiff, | ORDER |
| v. | |
| James Christopher Castle, | |
| Defendant. | |

Defendant James Christopher Castle, moving *pro se*, petitions the court for emergency compassionate release under 18 U.S.C. § 3582(c)(1)(A). Construing Mr. Castle's request as a renewed motion for compassionate release, the court **denies** the motion.

I.   BACKGROUND

The court explained the background of Mr. Castle's case in its previous orders. On August 2, 2021, a jury convicted Mr. Castle of various financial and bank fraud crimes. Verdict, ECF No. 738. The then-presiding judge sentenced him to 180 months' imprisonment. Mins. Sent'g, ECF No. 792; J. & Commitment, ECF No. 795. Defendant now renews a prior motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 919; *see* Prev. Mot. (May 24, 2022), ECF No. 798. The court denied that motion because, among other deficiencies, Mr. Castle did not adequately show his elderly mother was incapacitated, he was the only available caretaker or his mother's financial situation could not otherwise facilitate outside

1

1 caretaking. *See* Prev. Order (July 16, 2024), ECF No. 902. Mr. Castle's renewed motion again
2 focuses on the incapacitation of his mother.[1] He presents what he asserts is new information
3 about her incapacitated state and the unavailability of alternative caretakers. *See generally* Mot.
4 The government opposes and Mr. Castle replied. *See* Opp'n, ECF No. 922; Reply, ECF No. 923.

5     Mr. Castle's motion indicates his mother's health continues to decline. Most recently, she
6 suffered a series of strokes, an aneurism and continued cardiovascular issues. Mot. at 2. Mr.
7 Castle also addresses the unavailability of other family members to assist with his mother's
8 caretaking and submits an updated letter from a relative, Crystal C. McLeod, in support of this
9 assertion. Mot. Ex. B at 14. Certain other documents Mr. Castle submits appear to have been
10 scanned and are largely illegible. *Id.* at 11–13; *id.* Ex. C at 16–20.

11 **II.  LEGAL STANDARD**

12     The court outlined the legal standard for motions for compassionate release under
13 § 3582(c)(1)(A) in its previous orders. In summary, defendants have the burden to show they
14 have exhausted administrative remedies, that "extraordinary circumstances" support their motion,
15 that the requested reduction is supported by the relevant sentencing factors in § 3553(a), and that
16 release would not pose a danger to the community. *See* First Prev. Order at 2–4; *United States v.*
17 *Wright*, 46 F.4th 938, 951 (9th Cir. 2022). The Sentencing Commission issued a 2023 policy
18 statement addressing what qualifies as "extraordinary and compelling reasons" to release a
19 defendant from Bureau of Prison (BOP) custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1,
20 2024). The relevant policy statement indicates that certain family circumstances and sexual abuse
21 in prison also constitute extraordinary and compelling reasons for a sentence reduction. *Id.*

22 **III.  ANALYSIS**

23     Mr. Castle's previous and current motions for compassionate release present similar
24 arguments: his mother is in poor health, and he is the only person who can provide her the
25 necessary care. As explained in this court's past orders, "the incapacitation of the defendant's
26 parent when the defendant would be the only available caregiver for the parent" may support that

---

[1] Mr. Castle filed two duplicative motions for Compassionate Release the same day. *Compare* Mot., ECF No. 919, *with* Mot., ECF No. 920.

defendant's request to reduce a sentence under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(b)(3)(C).  The BOP program statement defines incapacitation to mean, "completely disabled," "cannot carry on any self-care," "totally confined to a bed or chair" or has a severe cognitive deficit severely affecting the individual's mental capacity or function.  BOP Program Statement No. 5050.50.[2]  The new information Mr. Castle presents regarding his mother's health is insufficient to meet BOP's definition of incapacitation.  Mr. Castle says his mother suffers from dizziness and low energy and his mother's caretaker describes her as "physically incapacitated [and] confined to her bed."  Mot. Ex. B at 14.  Ms. Castle's medical records, however, report she was "alert and oriented" and she "lives at home alone and does not use a cane or walker."  *Id*. Ex. A at 8.  While records also report she suffered from "profound dizziness" at the time of a visit to the emergency room, this does not rise to the level of incapacitation as defined by BOP.  *Id.* at 9.

Furthermore, Mr. Castle does not present evidence showing he is the only available caregiver.  Ms. McLeod reports she is unable to provide sufficient care and asserts Ms. Castle requires "care far beyond what can be provided by friends and neighbors."  *Id.* Ex. B at 14.  This is not sufficient evidence Mr. Castle is the only person available to assist with the care of his mother and might even imply others are available to help.  Moreover, the court previously highlighted the lack of evidence surrounding Ms. Castle's financial situation and her related ability to afford assisted living or other paid care.  *See* Prev. Order at 4–5.  This evidentiary gap persists.  The documents Mr. Castle submits now confirm Ms. Castle's health insurance does not cover long-term care.  *See* Mot. Ex. B.  The submitted bank statements, however, are largely illegible and therefore cannot support Mr. Castle's motion.  *See id.* Ex. C at 16–18.  Additionally, the car valuation provided also is largely illegible and the legible portion, indicating Ms. Castle's car is valued at $3,200, does not provide an adequate or complete picture of her financial situation.  *See id.* Ex. C. at 19–23.

---

[2] Federal Bureau of Prisons, Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.  The court takes judicial notice of this publicly available statement of a government agency's policy.  *See* Fed. R. Evid. 201(b).  While not binding, the court again refers to it as persuasive guidance.

## IV. CONCLUSION

The renewed motion does not provide any meaningful new information to support the court's revisiting its prior conclusion that Mr. Castle's mother is not so incapacitated as to support his request. Furthermore, the evidence Mr. Castle presents to show he is the only available caregiver is insufficient. The motion is therefore **denied**.

This order resolves ECF Nos. 919 & 921.

IT IS SO ORDERED.

DATED: December 17, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE