1
2
3
4
5
6
7                            UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    UNITED STATES,                              No. 2:15-cr-00190-KJM-EFB

11                    Plaintiff,

12           v.                                    FINDINGS AND RECOMMENDATIONS
                                                   (ECF No. 798)
13    JAMES CHRISTOPHER CASTLE,

14                    Defendant.

15

16           Defendant is a federal prisoner, proceeding pro se, who has brought a motion under 28

17    U.S.C. § 2255 to vacate, set aside, or correct the sentence he received for his convictions under 18

18    U.S.C. §§ 371, 493, and 1344.  ECF No. 798.  The Government opposes the motion, ECF No.

19    866, and defendant has filed a reply.  ECF No. 869.  For the reasons stated herein, the

20    undersigned recommends defendant's motion be denied.

21    I.      BACKGROUND

22           Defendant, with several co-defendants, was indicted in September 2015.  ECF No. 1.  The

23    Indictment charged him with one count of conspiracy to commit bank fraud and to falsely make

24    lending association documents (18 U.S.C. § 371) (Count 1), fifteen counts of bank documents

25    fraud (18 U.S.C. § 493) (Counts 2-16), nineteen counts of bank fraud (18 U.S.C. § 1344) (Counts

26    17-24, 26, 29-31, 33-39), and one count of money laundering (18 U.S.C. § 1957) (Count 42).

27    *Ibid*.  On May 21, 2020, defendant was arrested in Melbourne, Australia, ECF No. 560, and on

28    May 22, 2020, he was arraigned in this court.  ECF No. 552.  Before trial, Counts 25, 32, and 42

1    of the Indictment were dismissed on the Government's motion.  ECF Nos. 715, 721.

2              Trial commenced on July 19, 2021.  ECF No. 725.  On August 2, 2021, a jury convicted

3    defendant of all counts.  ECF No. 734, 738.  On March 24, 2022, defendant through counsel

4    moved for a new trial and/or judgment of acquittal on the same grounds that he asserts in his

5    instant motion, ECF No. 779, which the Government opposed on the basis that it was untimely.

6    ECF No. 780.  The court denied the motion by minute order on April 19, 2022.  ECF No. 783.

7    On May 13, 2022, defendant was sentenced to a total term of 180-month imprisonment.  ECF No.

8    795.

9              On May 24, 2022, defendant filed the instant motion and, the same day, filed a notice of

10   appeal in the Court of Appeals.  ECF Nos. 796-98.  Defendant withdrew his appeal on October 3,

11   2022.  ECF No. 842.  The court then directed the Government to file a response to the instant

12   motion, ECF No. 847, which the Government filed on February 1, 2023.  ECF No. 866.

13   Defendant filed a reply on February 13, 2023.  ECF No. 869.

14             Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2), on November

15   29, 2023, ECF No. 883, which the court denied on June 24, 2024.  ECF No. 901.  Defendant

16   moved for reconsideration of this order, which the court also denied.  ECF Nos. 903, 906, 909.

17   Defendant appealed this denial, and on January 8, 2025, the Court of Appeals dismissed the

18   appeal.  ECF Nos. 915, 917, 928.

19             Defendant filed a motion for reduction in sentence or compassionate release, under 18

20   U.S.C. § 3582(c)(1)(A), on December 19, 2023.  ECF No. 884.  The Government opposed the

21   motion, ECF No. 894, and the court denied the motion on July 16, 2024.  ECF No. 902.

22             Defendant filed two additional motions for compassionate release on November 12, 2024,

23   ECF Nos. 919, 921, which the court denied on December 18, 2024.  ECF No. 924.  Defendant

24   appealed this denial, ECF No. 925, 926, and the Court of Appeals affirmed on May 29, 2025.

25   ECF No. 939.

26             Defendant filed another motion under 18 U.S.C. § 3582(c)(1), on March 31, 2025.  ECF

27   No. 930.  The Government filed an opposition on July 18, 2025, ECF No. 946, and the court

28   denied the motion on July 28, 2025.  ECF No. 948.  Defendant appealed this order on August 13,

1    2025.  ECF Nos. 951-53.

2           The undersigned was assigned to the case on July 29, 2025.  ECF No. 950.

3    **II.     ANALYSIS**

4    **A. Legal Standards**

5           Under 28 U.S.C. § 2255, the federal court may vacate, set aside, or correct a federal

6    prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the

7    United States.  28 U.S.C. § 2255(a); *Davis v. United States,* 417 U.S. 333, 344-45 (1974).  When

8    a district court considers a motion brought under this section, "[u]nless the motion and the files

9    and records of the case conclusively show that the prisoner is entitled to no relief, the court shall  .

10   . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions

11   of law with respect thereto."  28 U.S.C. § 2255(b).  Thus, the movant is entitled to an evidentiary

12   hearing if he "has made specific factual allegations that, if true, state a claim on which relief

13   could be granted," *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984) (citing *United*

14   *States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir. 1980)); *see also United States v. Gordon*, __ F.4th

15   __, No. 23-2117 (9th Cir. Aug. 19, 2025) (to merit an evidentiary hearing on a § 2255 claim, the

16   defendant "must establish that his allegation[s], if proven, would establish a constitutional

17   deprivation" (citing *Turner v. Calderon*, 281 F.3d 851, 890 (9th Cir. 2002))), but the district court

18   may deny the motion without an evidentiary hearing "if the allegations in the motion, when

19   viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or

20   patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting

21   *Schaflander,* 743 F.2d at 717); *see also United States v. Howard*, 381 F.3d 873, 877 (9th Cir.

22   2004); *Schaflander,* 743 F.2d at 718.

23          Here, defendant argues that relief is warranted due to various forms of ineffective

24   assistance of counsel he received at his trial.  *See* ECF No. 798.  Under the Sixth Amendment, a

25   criminal defendant is entitled to the effective assistance of counsel and, to show that his counsel

26   failed to meet this standard such that his constitutional rights were violated, the defendant must

27   show that his counsel's performance fell outside the wide range of professionally competent

28   assistance and that there is a reasonable probability that but for counsel's errors, the result of the

3

1  proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 690, 694 (1984);

2  *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). A motion under § 2255 is an appropriate vehicle for

3  a convicted person to raise a claim of ineffective assistance of his trial counsel. *United States v.*

4  *Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022) (citing *Massaro v. United States*, 538 U.S. 500, 504

5  (2003)).

6  **B. Claims For Relief**

7  Defendant argues that his trial counsel performed deficiently, prejudicing him, in six

8  ways: (1) failing to move for dismissal of the Indictment due to violations of the Speedy Trial

9  Act; (2) failing to move to disqualify the trial judge due to bias; (3) failing to conduct reasonable

10 examinations and make reasonable arguments to the jury concerning defense exhibits; (4) failing

11 to call expert witnesses; (5) failing to subpoena witnesses; and (6) failing to move for a judgment

12 of acquittal. ECF No. 798. Defendant has failed to meet his pleading burden at this stage to

13 "make specific factual allegations that, if true, state a claim on which relief could be granted," in

14 light of the entire record, *Schaflander,* 743 F.2d at 717-18, and the undersigned recommends

15 defendant's motion be denied in toto.

16 **1. Failure to Move to Dismissal Under the Speedy Trial Act**

17 In his first subclaim, defendant argues that his trial counsel performed deficiently by

18 failing to move for dismissal under the Speedy Trial Act when the trial court granted

19 continuances and excluded time at various points before trial. ECF No. 798 at 5-6. Because

20 defendant fails to set forth a colorable claim of a constitutional violation, this subclaim should be

21 denied without evidentiary development. *See Withers*, 638 F.3d at 1062-63.

22 Under *Strickland*, defense counsel has a duty to make reasonable motions and to perform

23 reasonably in the litigation of pretrial issues, *Maryland v. Kulbicki*, 577 U.S. 1, 3-5 (2015);

24 *Hinton v. Alabama*, 571 U.S. 263, 274 (2014), but counsel is not deficient for failing to make

25 futile arguments, motions, or objections. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Ochoa v.*

26 *Davis*, 50 F.4th 865, 889 (9th Cir. 2022); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

27 Where a defendant claims his counsel performed unreasonably by failing to bring a particular

28 motion, in order to show prejudice the defendant must show that there was both a reasonable

1    probability the court would have granted the motion and, if the motion had been granted, a

2    reasonable probability of a more favorable verdict. *Kimmelman v. Morrison*, 477 U.S. 365, 383-

3    91 (1986); *Styers v. Schriro*, 547 F.3d 1026, 1030 & n.5 (9th Cir. 2008)

4              Here, the record belies defendant's argument that defense counsel performed deficiently

5    by failing to move for dismissal due to violations of the Speedy Trial Act, and that, had such a

6    motion been made, there was a reasonable probability that it would have been granted.  Under the

7    Speedy Trial Act, 18 U.S.C. §§ 3161-3174, a defendant must be brought to trial "within seventy

8    days from the filing date . . . of the information or indictment, or from the date the defendant has

9    appeared before a judicial officer of the court in which such charge is pending, whichever date

10   last occurs." 18 U.S.C. § 3161(c)(1).  The statute provides that certain, specified periods of delay

11   should be excluded from the court's computation of time within which the trial must commence.

12   18 U.S.C. § 3161(h).

13             Defendant has not shown that the commencement of his trial transgressed the Speedy

14   Trial Act, such that reasonable counsel would have moved for a dismissal of the indictment on

15   this basis or, if such a motion was made, there was a reasonable probability that the court would

16   have granted it. *See Kimmelman*, 477 U.S. at 383-91; *Styers*, 547 F.3d at 1030 & n.5.  Although

17   defendant was indicted in September 2015, he was only brought to the court to answer to the

18   charges on May 22, 2020, and thus the latter date commences the trial clock under the Speedy

19   Trial Act. *See* 18 U.S.C. § 3161(c)(1).  From May 22, 2020 to the first day of trial, July 19, 2021,

20   the court found several periods of delay excludable under the Act, and defendant fails to show

21   that any of these instances were error.

22             Within the period at issue, the court excluded time from May 22, 2020 to July 23, 2020

23   and from June 30, 2020 to April 19, 2021 due to one or both parties' requests for a reasonable

24   time to prepare for trial, relying on 18 U.S.C. § 3161(h)(7)(B)(4).[1]  *See* ECF Nos. 552, 569, 585,

25   676; ECF No. 866, Attachment A at 5-6.  Defendant makes no argument that these exclusions

26   were improper, *see* ECF No. 798 at 5-6, and given the quantity and complexity of evidence

27   _____

28         [1] Pursuant to General Order No. 479, 18 U.S.C. § 3161(h)(7)(B)(4) is referred to as "T4"
     in record entries.

1    adduced at trial in this case, as well as counsels' pretrial representations describing voluminous

2    discovery, *see* ECF No. 676; ECF No. 866, Attachment A at 5-6, the record supports the court's

3    finding that 18 U.S.C. § 3161(h)(7)(B)(4)'s standard for exclusion of time was met.

4         The trial court also excluded time under 18 U.S.C. § 3161(h)(7)(A), which permits the

5    court to exclude time if "the ends of justice served by taking such action outweigh the best

6    interest of the public and the defendant in a speedy trial."  The court excluded time from April 29,

7    2021 to July 19, 2021, under this subsection, "find[ing] that the continued outbreak of COVID-19

8    and the facts specific to this case (and related General Orders of this Court and guidance from the

9    Centers for Disease Control and Prevention and state and local health officials) collectively

10   demonstrate facts that provide good cause for a finding of excludable time."  ECF No. 686 at 4;

11   *see also* ECF Nos. 673, 681.  Defendant argues that exclusion of this period of time was unlawful

12   under the Speedy Trial Act, such that his counsel should have moved to dismiss the indictment.

13   ECF No. 798 at 5-6.

14        Defendant fails to show that his counsel was deficient, prejudicially so, for failing to make

15   such a motion.  Defendant first argues that this time exclusion was improper because the court

16   granted it summarily, without making specific findings to substantiate that the standard of 18

17   U.S.C. § 3161(h)(7)(A) had been met.  ECF No. 798 at 5-6.  The record contradicts this, as the

18   court excluded this period of time not summarily, but based on briefing and the parties'

19   representations at a joint status conference, ECF Nos. 678, 681, 682, and the court made specific

20   factual findings about the health-related dangers to witnesses that justified invocation of this

21   exception to the statute.  *See* ECF No. 686.  To the extent the record contradicts the factual

22   premise of defendant's allegation of his counsel's deficient performance, the court is entitled to

23   rely on the record and defendant's allegations must fail.  *See Landrigan v. Schriro*, 550 U.S. 465,

24   474 (2007).

25        Defendant also argues that the exclusion of time was improper to the extent it was based

26   on court's declaration of a judicial emergency in the Eastern District due to the COVID-19

27   pandemic, and the Court of Appeals' April 16, 2020 Order approving same, such that defense

28   counsel should have moved to dismiss the indictment on this basis.  ECF No. 798 at 5-6.

1   Defendant again fails to make a legally colorable argument of deficient performance or prejudice.

2   The Court of Appeals has held that the "ends of justice" exception to the Speedy Trial Act may

3   lawfully encompass continuances granted to accommodate the challenges in holding jury trials

4   during the COVID-19 pandemic.  *United States v. Olsen*, 21 F.4th 1036, 1045 (9th Cir. 2022); *see*

5   *also United States v. Walker*, 68 F.4th 1227, 1235-36 (9th Cir. 2023), *cert. denied*, 144 S. Ct.

6   1050, 218 L. Ed. 2d 197 (2024).  In *Olson*, the Court of Appeals set forth seven non-exhaustive

7   factors for the district courts to consider in deciding whether to grant a continuance to further the

8   ends of justice, per § 3161(h)(7)(A), due to circumstances arising from the COVID-19 pandemic.

9   *Olsen*, 21 F.4th at 1046.  In his motion, defendant does not address the *Olsen* factors, let alone

10  why reasonable defense counsel would have determined that they, or any other factors suggested

11  by the statute, weighed against the exclusion of time under § 3161(h)(7)(A), nor why the trial

12  court would have been reasonably likely to so conclude had defense counsel made such an

13  argument.  *See* ECF No. 798 at 5-6.  In so failing, defendant fails to meet his minimal burden at

14  this stage to state a colorable claim of his counsel's deficient performance and prejudice entitling

15  him to relief.  *See Schaflander,* 743 F.2d at 717-21.

16          Regardless, to the extent the record provides the facts necessary to analyze the *Olson*

17  factors, the record does not support a finding that the district court erred when it excluded time

18  under § 3161(h)(7)(A) from April 29, 2021 to July 19, 2021, due to the then-on-going COVID-19

19  pandemic.  In *Olson*, the Court of Appeals held,

20          The Speedy Trial Act and our case law are silent as to what non-statutory factors
            district courts should generally consider. Nevertheless, in the context of the
21          COVID-19 pandemic, we find relevant the following non-exhaustive factors: (1)
            whether a defendant is detained pending trial; (2) how long a defendant has been
22          detained; (3) whether a defendant has invoked speedy trial rights since the case's
            inception; (4) whether a defendant, if detained, belongs to a population that is
23          particularly susceptible to complications if infected with the virus; (5) the
            seriousness of the charges a defendant faces, and in particular whether the
24          defendant is accused of violent crimes; (6) whether there is a reason to suspect
            recidivism if the charges against the defendant are dismissed; and (7) whether the
25          district court has the ability to safely conduct a trial.
26

27  *Olson*, 21 F.4th at 1046.  Applying these to defendant's case, the first and second factors slightly

28  favor defendant, as he had, at that point, been detained pretrial for approximately one year since

1   his arraignment on May 22, 2020.  *See Walker*, 68 F.4th at 1235-36; ECF No. 554.  Factors five

2   and six arguably also favor defendant, as he was not accused of a violent crime and had no prior

3   convictions.  *See Walker*, 68 F.4th at 1235-36; ECF No. 757 at 13.  The record appears silent,

4   pretrial, as to whether defendant was a member of a population that made him particularly

5   susceptible to complications from COVID-19, relative to the fourth factor, and whether there

6   were reasons to suspect recidivism in the defendant if the charges were dismissed, relative to the

7   sixth factor.  The third factor weighs in favor of the exclusion of time under § 3161(h)(7)(A)

8   because the defendant had not invoked his speedy trial rights earlier in the proceedings.  *See* ECF

9   Nos. 552, 569, 585; ECF No. 866, Attachment A at 5-6.

10          The final factor, however, weighed strongly in favor of excluding time under §

11   3161(h)(7)(A).  *See Walker*, 68 F.4th at 1238.  The trial court made specific findings that the age

12   and medical vulnerability of several Government witnesses made it unsafe to conduct a trial

13   before July 19, 2021, as their having to travel to attend the trial would create an exceptional risk

14   to their well-being, in light of public health data showing that, at that time, there were modest

15   vaccination rates for COVID-19 within the district and the COVID-19 pandemic within the

16   district generally and within Sacramento County specifically remained widespread.  ECF No. 686

17   at 2-3.  The court also observed that, at the time, the court had suspended holding jury trials due

18   to the COVID-19 pandemic, which the Court of Appeals had approved.  ECF No. 686 at 1-2

19   (citing General Orders Nos. 611, 618, 620, 631; *In re Approval of Jud. Emergency Declared in E.*

20   *Dist. of California*, 956 F.3d 1175 (9th Cir. 2020)).  The court further found that July 19, 2021

21   was the earliest available trial date that could accommodate these concerns.  ECF No. 686 at 2;

22   *see also Walker*, 68 F.4th at 1237 (during most of the relevant period, "all courthouses in the

23   Eastern District of California were closed to the public. In-person jury trials did not resume until

24   June 2021.").  In light of these findings, the trial court did not err in excluding time during the

25   period at issue; rather, the court's approach reflected its "admirabl[e]" and "commendabl[e]"

26   efforts to do "its best to balance speedy trial rights and public safety in the face of what is

27   hopefully a once-in-a-lifetime pandemic."  *Walker*, 68 F.4th at 1238; *see also Olson*, 21 F.4th at

28   1048; *United States v. Smith*, 460 F. Supp. 3d 981, 987-88 (E.D. Cal. 2020).

1    Given the entirety of the record before the court, defendant has failed to show that there is

2    a colorable claim that his defense counsel acted unreasonably in failing to move to dismiss the

3    indictment for violations of the Speedy Trial Act or, if counsel had made such a motion, that the

4    trial court was reasonably likely to have granted the motion. *See Kimmelman*, 477 U.S. at 383-

5    91; *Styers*, 547 F.3d at 1030 & n.5. On this subclaim, therefore, the undersigned recommends

6    defendant's motion be denied. *See Schaflander,* 743 F.2d at 717.

   ### 2. Failure to Move to Disqualify the Trial Judge

8    In his second subclaim, defendant argues that his counsel performed ineffectively by

9    failing to move to disqualify the trial judge for bias against him. ECF No. 798 at 6-7. Because

10   defendant has not pled allegations upon which relief could be granted, in light of the record,

11   defendant's motion should be dismissed as to this subclaim. *See Schaflander,* 743 F.2d at 717

12   A federal judge or magistrate must disqualify himself "in any proceeding in which his

13   impartiality might reasonably be questioned," including "[w]here he has a personal bias or

14   prejudice concerning a party." 28 U.S.C.A. § 455(a)-(b)(1). This standard is met where "'a

15   reasonable person with knowledge of all the facts would conclude that the judge's impartiality

16   might reasonably be questioned,'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)

17   (quoting *Clemens v. U.S. Dist. Ct.,* 428 F.3d 1175, 1178 (9th Cir. 2005)), but the standard "must

18   not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated

19   upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (quoting *United

20   States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993)). A judge's rulings rarely meet this standard,

21   nor typically is the standard met even by critical comments from the court to one party or another

22   during proceedings:

23       judicial rulings alone almost never constitute a valid basis for a bias or partiality
         motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710.
24       In and of themselves (*i.e.,* apart from surrounding comments or accompanying
         opinion), they cannot possibly show reliance upon an extrajudicial source; and
25       can only in the rarest circumstances evidence the degree of favoritism or
         antagonism required . . . when no extrajudicial source is involved. Almost
26       invariably, they are proper grounds for appeal, not for recusal. Second, opinions
         formed by the judge on the basis of facts introduced or events occurring in the
27       course of the current proceedings, or of prior proceedings, do not constitute a

28

basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.,* at 28 (internal quotation marks omitted). *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Here, defendant argues that the court displayed personal bias against him in three pretrial proceedings, such that reasonable defense counsel would have moved to disqualify him and there is a reasonable probability that the court would have granted such a motion.  ECF No. 798 at 6-7; *see Kimmelman*, 477 U.S. at 383-91; *Styers*, 547 F.3d at 1030 & n.5.  The undersigned has reviewed the record of the proceedings at issue and in none does the trial court display any form of "favoritism or antagonism" towards either party, let alone any so "deep-seated" as to meet the standard for disqualification.  *See Liteky*, 510 U.S. at 555-56; ECF Nos. 676, 761, 830. Defendant seeks an evidentiary hearing to present evidence of his counsel's and others' perceptions of the trial court's demeanor during two of these proceedings, *see* ECF No. 798 at 6-7, but such perceptions are not legally relevant to the disqualification inquiry, the gravamen of which how the judge's statements and actions would appear to a reasonable third-party observer. *See Holland*, 519 F.3d at 913; *see also Liteky*, 510 U.S. at 556 (holding that evidence that trial court employed an "anti-defendant tone" in some proceedings was "inadequate" to meet the standard for disqualification under § 455).

For these reasons, defendant fails to show that a motion for disqualification under 28 U.S.C.A. § 455 was meritorious, such that reasonable defense counsel would have brought it and

1  that there was a reasonable probability the court would have granted it.  *See Kimmelman*, 477

2  U.S. at 383-91; *Styers*, 547 F.3d at 1030 & n.5.  Accordingly, the undersigned recommends

3  defendant's motion be denied as to this subclaim.  *See Schaflander,* 743 F.2d at 717.

4       **3.  Unreasonable Direct Examination and Argument**

5       In subclaim 3, defendant argues that his trial counsel performed deficiently and

6  prejudicially by failing to discuss in detail defense exhibits A, B, C, and D in closing argument

7  and by failing to examine defendant "line by line" about the contents of these documents to

8  support the defense.  ECF No. 798 at 7-10.  Defendant's argument fails to make a colorable

9  showing of deficient performance or prejudice, in light of the trial record, such that relief on this

10  subclaim should be denied.  *See Schaflander,* 743 F.2d at 717-18.

11       At trial, the defense introduced four documentary exhibits, Defense Exhibits A, B, C, and

12  D, that defendant testified he and his co-participants had created and sent to various financial

13  institutions.  ECF No. 818 at 710.  Defendant testified at some length on direct examination about

14  the contents of these documents and their purposes.  *Id.* at 697-710.  In closing argument, defense

15  counsel discussed this testimony, the contents of each of these exhibits, and their relevance in

16  demonstrating that the Government had not proven defendant had acted with intent.  ECF No. 820

17  at 833-36.

18       In his current motion, defendant argues that counsel performed deficiently because the

19  defense would have been more persuasive had defense counsel read each exhibit line-by-line for

20  the jury, during both closing argument and the direct examination of defendant.  ECF No. 798 at

21  7-10.  The record does not support a finding that counsel's approach was unreasonable.  Instead

22  of reading each document in its entirety to the jury, counsel opted to elicit from defendant on

23  direct examination descriptors of the contents of each of the documents and, in closing argument,

24  to paraphrase the contents of each of the exhibits.  *See* ECF No. 818 at 697-710; ECF No. 820 at

25  833-36.  The decision of how best to present evidence in support of a defense is quintessentially

26  the type of tactical decision to which judicial deference is owed,  *see, e.g.*, *Bell v. Cone*, 535 U.S.

27  685, 698-702 (2002); *Strickland*, 466 U.S. at 699, and nothing in the record nor in defendant's

28  arguments indicate that counsel's decision in this regard was so unreasonable that it transgressed

1  contemporaneous professional norms.  *See generally Strickland*, 466 U.S. at 699.  Furthermore,

2  given the arguments that counsel did make and the testimony counsel did elicit from the

3  defendant describing these documents and their relevance to the defense, defendant fails to show

4  that a more detailed reading of the exhibits would have provided the jury an understanding of the

5  evidence so much more favorable to him that there is a reasonable probability the jury would not

6  have convicted him of the counts at issue.  *See Strickland*, 466 U.S. at 690.  Defendant's

7  argument on this subclaim does not make a prima facie showing of his counsel's ineffectiveness,

8  given the record of testimony and argument adduced at trial, such that denial of this subclaim is

9  proper without further evidentiary development.  *See* 28 U.S.C. § 2255(b); *Schaflander,* 743 F.2d

10  at 717.

11      **4.  Failure to Present Expert Witness Testimony**

12      In subclaim 4, defendant argues that his trial counsel provided ineffective assistance

13  because counsel "fail[ed] to call any expert witnesses during the trial," who could have "further

14  solidified the assertions and justifications to act made in the defense exhibits."  ECF No. 798 at

15  10.  Defendant's vague and conclusory allegations in this regard do not make a colorable showing

16  of his entitlement to relief, nor merit an evidentiary hearing.  *See Shah v. United States*, 878 F.2d

17  1156, 1160-61 (9th Cir. 1989).  Defendant fails to identify what expert witnesses reasonable

18  defense counsel would have called for the defense, what the contents of that testimony would

19  have been, how that testimony would have related to the elements of the counts for which he was

20  convicted, and why that hypothetical testimony would have been reasonably probable to lead to a

21  more favorable verdict in light of the entirety of the evidence the jury heard.  *See Strickland*, 466

22  U.S. at 690.  Defendant's brief argument appears to suggest that defense counsel should have

23  called an expert witness to testify about the reasonableness of defendant's beliefs as expressed in

24  the defense exhibits, but without more, there is no indication that such testimony—even if

25  available—could have been admitted or, if admitted, would have been reasonably probable to

26  have led to a more favorable verdict.  *See generally United States v. McNeil*, 320 F.3d 1034, 1039

27  (9th Cir. 2003) (under 18 U.S.C. § 1344, "[s]pecific intent is established by the existence of a

28  scheme which was reasonably calculated to deceive persons of ordinary prudence and

1   comprehension, and this intention is shown by examining the scheme itself" (quoting *United*

2   *States v. Mason,* 902 F.2d 1434, 1443 (9th Cir. 1990), and *United States v. Green,* 745 F.2d 1205,

3   1207 (9th Cir.1984))).  Defendant fails to meet his burden to set forth "specific factual allegations

4   that, if true, state a claim on which relief could be granted," such that denial of relief on this

5   subclaim without further evidentiary development is proper.  *See Schaflander,* 743 F.2d at 717;

6   *see also Shah*, 878 F.2d at 1160-61.

7       **5.   Failure to Subpoena Witnesses**

8       In subclaim 5, defendant argues that trial counsel performed deficiently by failing to

9   subpoena to testify witnesses from financial institutions and title companies who could have

10   testified that "as to the subject Deeds of Trust, . . . the financial institution breached their

11   respective obligations by not providing money for a loan as the Deed of Trust contract require[d]"

12   and that the financial institutions or agents thereof "purposely withheld the existence of the

13   properly executed default procedure from the Title Companies."  ECF No. 798 at 10-11.

14   Defendant argues that such testimony, had it been presented, would have refuted the financial

15   institutions' "claims of non-recompense and valid lien on the subject properties."  *Ibid*.

16       Defendant fails to make a colorable showing of deficient performance or prejudice to

17   warrant evidentiary development on this claim.  *See Schaflander,* 743 F.2d at 717-21.  His

18   argument that defense counsel were unreasonable for failing to subpoena witnesses who were

19   "financial institution and title company executives," ECF No. 798 at 10-11, fails to account for

20   the fact that several employees of the relevant financial institutions and title companies were

21   called as witnesses by the Government and available for cross-examination by the defense.  *See*

22   ECF No. 815 at 246-69 (testimony of Luis Reyes, Bank of America executive), 290-09

23   (testimony of Samuel Woods, J.P. Morgan Chase employee), 310-14 (testimony of Kelly Isaacs,

24   Citibank executive); ECF No. 816 at 463-66 (testimony of Johanna Gutierrez, U.S. Bank

25   employee); ECF No. 817 at 586-92 (testimony of Charles Strong, Fidelity National Title Group

26   employee), 622-26 (testimony of Larry Antonio, Wells Fargo employee).  Defense counsel cross-

27   examined some of these witnesses on their understanding of the contents of deeds of trust and

28   other documents at issue in Counts 17 through 39.  *See* ECF No. 815 at 261-66, 268 (Luis Reyes),

302-09 (Samuel Woods).  As such, defendant fails to show that counsel were unreasonable in failing to subpoena any of these persons as defense witnesses, in order to elicit additional testimony.

The record also fails to support defendant's underlying argument that there were employees of the relevant financial and title institutions available to testify for the defense that the institutions had breached the terms of a valid deed of trust and had "purposely withheld the existence of the properly executed default procedure from the Title Companies."  ECF No. 798 at 10-11.  Defendant presents no specific factual allegations suggesting there exist witnesses who were available to testify to these points.  *See ibid*.  To the extent defendant suggests that any or all of witnesses who did testify at trial would have also testified to these points if subpoenaed by the defense, that suggestion is undermined by the record, as it appears in direct contradiction to the testimony these witnesses did provide concerning their perceptions of the legitimacy of the documents at issue.  *See* ECF No. 815 at 246-69, 290-09, 310-14; ECF No. 816 at 463-66; ECF No. 817 at 586-92, 622-26

In sum, in light of the entire record, defendant's vague and speculative arguments for his counsel's deficient performance on this subclaim do not satisfy even his modest burden to make specific factual allegations that, if true, would entitle him to relief.  Dismissal of this subclaim without evidentiary development is merited.  *See Schaflander,* 743 F.2d at 717-21.

### 6. Failure to Move for Judgment of Acquittal

In subclaim 6, defendant argues that defense counsel rendered ineffective assistance of counsel by failing, post-trial, to move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 on the basis that the Government failed to prove an essential element of Counts 17-39, that the title companies at issue were federally charted or insured.  ECF No. 798 at 11-12.  The record contradicts defendant's arguments for deficient performance and prejudice, however, thus warranting this subclaim's denial.  *See Schaflander,* 743 F.2d at 717-21.

Counts 17-24, 26, 29-31, and 33-39 of the indictment charged defendant with violations of 18 U.S.C. § 1344, ECF No. 1, and the jury found him guilty of all of these counts.  ECF No. 734.  To find defendant guilty of these counts, the statute required as an essential element that victim of

1    the alleged fraud was a "financial institution," 18 U.S.C. § 1344, which is defined by statute to

2    include, inter alia, federally-insured depository institutions.  18 U.S.C. § 20(1).

3          Here, the counts for which defendant was convicted alleged that the victim financial

4    institutions were World Savings Bank / Wells Fargo (Counts 17, 18); Bank of America (Counts

5    19, 23, 36); JP Morgan Chase (Counts 20, 31, 34); M&T Mortgage / Bank of America (Count

6    21); RBS Citizens / Charter 1 Bank (Count 22); Citibank (Count 23); Fidelity Home Mortgage /

7    Bank of America (Count 26); Encore Credit / Chase Bank (Count 29); Liberty American

8    Mortgage / HSBC Bank (Count 30); Deutsch Bank / PNC Bank (Count 33); United Capital

9    Funding / Bank of America (Count 35); Deutsch Bank / Bank of America / Countrywide (Count

10    37); JP Morgan Chase / First Funding (Count 38); and World Savings / Wachovia (Count 39).

11    ECF No. 1 at 18-20.  At trial, the Government presented testimony from an employee of the

12    FDIC who testified that all of these institutions were federally-insured financial institutions

13    during the relevant period.  ECF No. 817 at 630-34; *see also id*. at 625 (testimony describing the

14    relationship between World Savings Bank, Wachovia, and Wells Fargo, relative to Count 39).

15    The Government also presented documentary evidence indicating that these institutions were

16    insured by the FDIC during the relevant period.  *See* ECF No. 817 at 631; ECF No. 731

17    (Government exhibits 30-42).  This evidence sufficed to meet the Government's burden of proof

18    on this element of the relevant counts.  *See United States v. Shirley,* 884 F.2d 1130, 1134 (9th Cir.

19    1989) (evidence is sufficient where "in the light most favorable to the government . . . '*any*

20    rational trier of fact could have found the essential elements of the crime beyond a reasonable

21    doubt'" (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979))).

22          In light of this, trial counsel was not unreasonable for failing to move for judgment of

23    acquittal under Rule 29, on the basis that the Government failed to present sufficient evidence of

24    an essential element of the offense.  *See United States v. Freter*, 31 F.3d 783, 785 (9th Cir. 1994)

25    (Rule 29 test for sufficiency of the evidence is the equivalent of the common law standard set

26    forth in *Jackson* and its progeny).  Because the Government presented evidence that the jury

27    could credit to find this element satisfied, a Rule 29 motion brought on this basis would have

28    been meritless and futile and, as such, beyond the scope of reasonable counsel's obligations under

the Sixth Amendment. *See Jones*, 463 U.S. 745; *Ochoa*, 50 F.4th at 889; *Rupe*, 93 F.3d at 1445. For the same reason, defendant cannot show that, if defense counsel had raised the motion, there was a reasonable probability that the trial court would have granted it. *See Kimmelman*, 477 U.S. at 383-91; *Styers*, 547 F.3d at 1030 & n.5. Because the record refutes the premise of this subclaim, it may be dismissed without evidentiary development. *See Schaflander*, 743 F.2d at 717-21.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. 2255 (ECF No. 798) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within sixty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE